UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRASHANT TYAGI,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, *et al.*,

Defendants.

Case No. 2:26-cv-0045-DJC-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff Prashant Tyagi alleges that defendant U.S. Bank National Association closed his credit card account without notice and then reported to defendants Trans Union LLC and Experian Information Solutions, Inc. that plaintiff had requested to close the account. Plaintiff initially brought this action in the Nevada County Superior Court, and defendants removed it. U.S. Bank concurrently filed a motion to strike plaintiff's amended complaint and a motion to compel arbitration of plaintiff's claims against it. Trans Union and Experian also move to stay this action pending arbitration between plaintiff and U.S. Bank. For the reasons stated below, I will grant U.S. Bank's motion to strike plaintiff's amended complaint, and I recommend that the court grant both U.S. Bank's motion to compel arbitration and Trans Union and Experian's motion to stay.

**Background**

Plaintiff opened a credit card account with U.S. Bank ("the Account") on or about August 30, 2024. ECF No. 1-4 at 7. The Account was governed by a U.S. Bank cardmember agreement ("the Agreement"). *Id.* On or about September 12, 2025, U.S. Bank "unilaterally closed the Account without prior notice" to plaintiff. *Id.* at 8. Plaintiff alleges that he "performed fully on the Agreement, including timely payments with no defaults." *Id.* On or about September 20, 2025, plaintiff received a letter from U.S. Bank confirming that the closure accorded with the terms and conditions of the Agreement. *Id.*

U.S. Bank reported to Trans Union and Experian, two credit reporting agencies, that the Account was closed at plaintiff's request. *Id.* at 9. Plaintiff contested this report by filing disputes with each agency. *Id.* Trans Union and Experian independently concluded that the report was accurate. *Id.* at 10. U.S. Bank also concluded that, based on its investigation, the information submitted to the agencies was accurate. *Id.* Sometime thereafter, U.S. Bank reported to the agencies that plaintiff had previously made late payments on the Account. *Id.* As a result of these actions, plaintiff alleges that his credit score dropped eleven points, and he has been denied a loan. *Id.* at 10-11.

Plaintiff maintains the following eight causes of action: (1) breach of contract against U.S. Bank; (2) breach of the implied covenant of good faith and fair dealing against U.S. Bank; (3) negligent misrepresentation against all defendants; (4) intentional misrepresentation against all defendants; (5) defamation against all defendants; (6) unfair debt collection practices against U.S. Bank; (7) unfair and unlawful business practices against all defendants; and (8) intentional infliction of emotional distress against all defendants. *Id.* at 12-38.

**Procedural History**

After plaintiff filed this action in Nevada County Superior Court, defendants removed it on January 7, 2026. ECF No. 1. One week later, Trans Union filed a motion to dismiss.[1] ECF

[1] In light of my recommendation that this action be stayed, I will deny Trans Union's motion to dismiss without prejudice to re-filing once the stay is lifted.

No. 4. Plaintiff filed an amended complaint on January 27, 2026.[2] ECF No. 8. On February 3, 2026, U.S. Bank filed a motion to strike the amended complaint, and Trans Union and Experian later joined in that motion. *See* ECF Nos. 11, 16, & 19. U.S. Bank concurrently filed a motion to compel arbitration of plaintiff's claims against it. ECF No. 12. Both the motion to strike and the motion to compel arbitration are fully briefed. *See* ECF Nos. 21, 22, 23, & 24.

On March 19, 2026, Trans Union and Experian filed a motion to stay this action pending arbitration between plaintiff and U.S. Bank. ECF No. 29. This motion is fully briefed. *See* ECF Nos. 33 & 34.

**Motion to Strike**

U.S. Bank has filed a motion to strike the amended complaint, ECF No. 8, and Trans Union and Experian have joined in that motion, *see* ECF Nos. 11, 16, & 19. Federal Rule of Civil Procedure 15 allows a party to "amend its pleading once as a matter of course" either 21 days after serving it or within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15 (a)(2).

"When a state court action is removed to federal court, the removal is treated as if the original action had been commenced in federal court." *Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) (citing *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1239 (9th Cir. 1994). "The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Accordingly, where a plaintiff has amended his complaint as a matter of course in state court, federal courts in this circuit "will treat that amendment as if it

---

[2] Plaintiff concurrently filed a motion for permission to file documents electronically. ECF No. 6. Generally, "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). Plaintiff's motion does not demonstrate good cause to depart from the normal filing procedure for unrepresented litigants. Accordingly, I will deny his motion.

happened in federal court" and strike any further amendment that a plaintiff files without the opposing party's written consent or leave of court. *See Lac Vieux Desert Band of Lake Superior Chippewa Indians Holdings Mexico, LLC v. Atlico U.S.A., LLC*, No. 08-cv-1067-PHX-ROS, 2008 WL 11338816, at *2 (D. Ariz. Nov. 6, 2008) (striking an amended pleading where, prior to removal, the plaintiff had amended the complaint as a matter of course); *Moten v. Goodwrx, LLC*, No. 2:25-cv-0096-APG-BNW, 2025 WL 1249163, at *3 (D. Nev. Apr. 30, 2025) (same); *Nguyen v. Wells Fargo, N.A.*, No. 20-cv-7991-EMC, 2021 WL 10131989, at *2-3 (N.D. Cal. Jan. 22, 2021) (same); *Hosp. Mktg. Concepts, LLC v. Inter-Cont'l Hotels Corp.*, No. 15-cv-1342-JVS-DFM, 2015 WL 13284964, at *2 (C.D. Cal. Oct. 21, 2015) (same); *Howell v. City of Fresno*, No. 07-cv-0371-OWW-TAG, 2007 WL 1501844, at *2 (E.D. Cal. May 23, 2007) (same).

Here, plaintiff filed his original complaint in state court on December 4, 2025. ECF No. 1-3 at 2. Before this action was removed, he filed an amended complaint as a matter of course on December 29, 2025. *See* ECF No. 1-4 at 3; Cal. Civ. Proc. Code § 472(a) ("A party may amend its pleading once without leave of the court at any time before the answer, demurrer, or motion to strike is filed, or after a demurrer or motion to strike is filed but before the demurrer or motion to strike is heard if the amended pleading is filed and served no later than the date for filing an opposition to the demurrer or motion to strike."). Treating "everything that occurred in the state court as if it had taken place in federal court," plaintiff has already amended his complaint once as a matter of course. *See Butner*, 324 F.2d at 785. Thus, plaintiff's amended complaint, ECF No. 8, is not permitted under Rule 15(a)(1). Moreover, the amended complaint is also not permitted under Rule 15(a)(2), since plaintiff obtained neither written consent from defendants nor leave of court. *See* Fed. R. Civ. P. 15(a)(2).

Plaintiff's two arguments to the contrary are unavailing.[3] First, plaintiff relies on Federal Rule of Civil Procedure 81(c)(1), which provides that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." *See* ECF No. 22 at 4 (quoting Fed. R. Civ.

[3] At the end of his opposition brief, plaintiff argues that "leave to amend should be granted nunc pro tunc." ECF No. 22 at 9-10. To the extent that plaintiff seeks leave to amend, such request is denied without prejudice to being sought in a noticed motion after the stay on this action is lifted.

P. 81(c)(1)). Plaintiff seemingly interprets this rule as holding that Rule 15 cannot be retroactively applied to his amendment in state court. However, plaintiff provides no legal authority for that interpretation, and his argument is squarely rejected by the Court of Appeals' holding in *Butner* that, upon removal, "[t]he federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." *See Butner*, 324 F.2d at 785.

Second, plaintiff argues that the Court of Appeals has held that "a prior amendment does not automatically waive the right to amend as a matter of course in federal court." *See* ECF No. 22 at 5 (citing *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1006 (9th Cir. 2015)). However, *Ramirez* does not support plaintiff's position. The *Ramirez* court held that a plaintiff can file an amended complaint as a matter of course under Rule 15(a)(1) after having previously amended with the opposing party's written consent under Rule 15(a)(2). *Ramirez*, 806 F.3d at 1006. The court did not consider a plaintiff's ability to file an amended complaint after removal.

Accordingly, the motion to strike will be granted. I will direct the Clerk of Court to strike the amended complaint at ECF No. 8. The operative complaint is plaintiff's first amended complaint at ECF No. 1-4.

**Motion to Compel Arbitration**

U.S. Bank has filed a motion to compel arbitration. ECF No. 12. Congress created the Federal Arbitration Act ("FAA") to "overrule the judiciary's longstanding refusal to enforce agreements to arbitrate . . . and place such agreements upon the same footing as other contracts." *Volt Info. Scis, Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ*., 489 U.S. 468, 474 (1989). Under the FAA, a party to a valid arbitration agreement may "petition any United States district court . . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. In weighing whether an arbitration agreement should be enforced, "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Lifescan v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126,

1130 (9th Cir. 2000)). A party challenging the enforceability of an arbitration agreement bears the burden of showing that the agreement is unenforceable. *Hayes v. Oakridge Home*, 908 N.E.2d 408, 413 (Ohio 2009) ("As the party challenging the enforceability of the arbitration agreement, it was [the plaintiff's] burden to come forward with evidence supporting her challenge.").

Plaintiff argues that U.S. Bank has waived arbitration, U.S. Bank has failed to prove the controlling arbitration agreement, the arbitration agreement is unconscionable, and plaintiff's tort claims are outside the scope of the Agreement. ECF No. 21 at 7-11. I address these arguments in turn, while finding that there is a valid arbitration agreement that encompasses all of plaintiff's claims against U.S. Bank.

## I. Waiver

Plaintiff first argues that U.S. Bank has waived arbitration. ECF No. 21 at 7-8. "[W]aiver of the right to arbitration is disfavored because it is a contractual right, and thus 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758 (9th Cir. 1988) (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).

Regarding the second prong, the Court of Appeals has found that a defendant engages in inconsistent acts where it endeavors "to seek judicial judgment on the merits" of the plaintiff's claims. *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (quoting *Van Ness Townhouses*, 862 F.2d at 758). For example, the *Martin* court found that the defendants had waived arbitration because they "failed to move for arbitration for seventeen months" while they actively litigated the case on its merits. *Id.* at 1127. Similarly, in *Newirth*, the Court of Appeals found that the defendant had waived arbitration because it filed a new motion to compel arbitration "almost a year after it had withdrawn its initial motion to compel arbitration." *Newirth by & through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 939, 943 (9th Cir. 2019).

Here, plaintiff has failed to demonstrate that U.S. Bank has undertaken acts inconsistent with its right to arbitration. Plaintiff points to U.S. Bank removing this action and filing a stipulation for extension of time to respond to the operative complaint. *See* ECF No. 21 at 7-8 (citing ECF No. 5). However, those are not actions that U.S. Bank undertook "to seek judicial judgment on the merits" of plaintiff's claims. *See Martin*, 829 F.3d at 1125. Moreover, these actions are a far cry from what the Court of Appeals found constituted waiver in *Martin* and *Newirth*. Plaintiff presents no case law supporting his assertion that U.S. Bank has waived arbitration by filing the present motion less than four weeks after this action was removed. *See* ECF Nos. 1 & 12. Accordingly, plaintiff fails to carry his "heavy burden" of demonstrating that U.S. Bank has waived arbitration. *See Van Ness Townhouses*, 862 F.2d at 758.

**II. The Agreement**

Plaintiff argues that U.S. Bank has failed to establish the existence of an arbitration agreement. ECF No. 21 at 10-11. However, plaintiff does not contest that he opened the Account on or about September 3, 2024. *See* ECF No. 12-2 at 2. He also does not contest that, by opening the Account, he agreed to be bound by the Agreement. *Id*. The Agreement provides that it is governed by Ohio law. *Id*. at 24. The Agreement states that either the cardholder or U.S. Bank "may elect in writing, and without the consent of the other, to arbitrate all Claims covered by this provision." *Id*. at 25. The Agreement further provides under "Claims Covered by Arbitration" that:

> Claims subject to our agreement to arbitrate shall include all of the following: (1) Claims related to or arising out of this Agreement, or any prior or later versions of this Agreement as well as any changes to the terms of this Agreement; (2) Claims related to or arising out of any aspect of any relationship between us that is governed by this Agreement, whether based in contract, tort, statute, regulation, or any other legal theory; and (3) Claims that relate to the construction, scope, applicability, or enforceability of this arbitration provision. Claims include Claims that arose before we entered into this Agreement (such as Claims related to advertising) and after termination of this Agreement.

*Id*.

Plaintiff does not dispute that he agreed to be bound by the Agreement. Instead, he argues that U.S. Bank has not authenticated the Agreement. ECF No. 21 at 10. Plaintiff's only evidence

in support of this argument is that he possesses "a materially different version of the Agreement." *Id*. (emphasis omitted). However, the only difference that plaintiff identifies is an alphanumeric code that is listed at the top of the first page. *See id*. at (citing ECF No. 12-1 at 5). To be sure, the version of the Agreement that plaintiff submits also states that the Agreement is governed by Ohio law and that either party may elect to arbitrate claims. *See* ECF No. 21-1 at 9-10. Although there are some differences between the "Claims Covered by Arbitration" sections, all the language cited above also appears in the version of the Agreement that plaintiff has submitted. *See id*. at 10. Plaintiff does not identify any substantive differences or make any further argument about why a slightly different version of the Agreement that he possesses warrants a finding that the Agreement is not valid.[4] Accordingly, I do not need to determine why the parties possess slightly different agreements because there is no dispute that plaintiff has agreed to be bound by an arbitration agreement governed by Ohio law that allows U.S. Bank to unilaterally elect to arbitrate all claims as stated above.

## III. Unconscionability

Plaintiff next asserts that the arbitration agreement is unconscionable under California law. ECF No. 21 at 8-9. As noted, the Agreement is governed by Ohio law. *See* ECF No. 12-2 at 24. Unconscionability "consists of two separate concepts: (1) substantive unconscionability; and (2) procedural unconscionability." *Thomas v. Hyundai*, 154 N.E.3d 701, 709 (Ohio Ct. App. 2020). "Substantive unconscionability goes to the unfairness or unreasonableness of the contractual terms. When a contractual term is so one-sided as to oppress or unfairly surprise a party, the contractual term is said to be substantively unconscionable." *Id*. (cleaned up). "Procedural unconscionability, on the other hand, concerns the formation of the agreement, and occurs when one party has such superior bargaining power that the other party lacks a meaningful choice to enter into the contract." *Id*. (cleaned up). The party asserting unconscionability "bears the burden of proving that the agreement is both procedurally and substantively unconscionable."

---

[4] Plaintiff also argues that U.S. Bank has failed to show that the Agreement "remained in effect through the account closure in September 2025." ECF No. 21 at 10. However, both versions of the Agreement in the record specify that claims that arise after termination of the Agreement are nonetheless subject to arbitration. *See* ECF No. 12-2 at 25; ECF No. 21-1 at 10.

*Taylor Bldg. Corp. of Am. v. Benfield*, 884 N.E.2d 12, 20 (Ohio Ct. App. 2008).

Plaintiff argues that the Agreement is procedurally unconscionable because it is a contract of adhesion in that he "had no opportunity to negotiate terms" and it was presented in a "take-it-or-leave-it" manner. ECF No. 21 at 9. "The fact that a contract is adhesive, however, does not necessarily make it unconscionable." *Moran v. Riverfront Diversified, Inc.*, 968 N.E.2d 1, 7 (Ohio Ct. App. 2011). Rather, "[t]here must be some evidence that, in consequence of the imbalance, the party in the weaker position was defrauded or coerced into agreement to the arbitration clause." *Id.* (cleaned up). Plaintiff presents no evidence that he was "defrauded or coerced" into entering the Agreement. *See id.*

Plaintiff argues that the Agreement is substantively unconscionable because it violates his right to seek public injunctive relief under California's Unfair Competition Law ("UCL"). ECF No. 21 at 9; *see also McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 953 (2017) (holding that "[a]greements to arbitrate claims for public injunctive relief" under the UCL are "not enforceable in California"). However, plaintiff only seeks public injunctive relief in the amended complaint at ECF No. 8 that will be stricken. In the operative complaint, plaintiff seeks injunctive relief only as it relates to his credit reports. *See* ECF No. 1-4 at 40. "Relief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief." *McGill*, 2 Cal. 5th at 955. Because the operative complaint does not seek public injunctive relief, plaintiff's argument is misplaced.

Accordingly, plaintiff fails to satisfy his burden of showing that the Agreement is unconscionable. *See Taylor*, 884 N.E.2d at 20.

## IV. Tort Claims

Lastly, plaintiff argues that his claims for intentional misrepresentation, defamation, unfair debt collection practices, and intentional infliction of emotional distress fall outside the Agreement's scope.[5] ECF No. 21 at 11. "The Supreme Court held that tort claims are within the

---

[5] In identifying only these claims, plaintiff seems to acknowledge that his other claims against U.S. Bank—breach of contract, breach of the implied covenant, negligent

scope of arbitration agreements and that express exclusion of tort claims in a broadly worded arbitration agreement is required." *Zolezzi v. Dean Witter Reynolds, Inc.*, 789 F.2d 1447, 1449 (9th Cir. 1986) (citing *Prima Paint v. Flood & Conklin*, 388 U.S. 395, 406-07 (1967)). "To require arbitration, [the plaintiff's] factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985)).

The Agreement provides that all "[c]laims related to or arising out of any aspect of any relationship between [U.S. Bank and plaintiff] that is governed by this Agreement, whether based in contract, tort, statute, regulation, or any other legal theory[,]" shall be subject to arbitration. *See* ECF No. 12-2 at 25; ECF No. 21-1 at 10. Plaintiff's claims are based on the allegedly wrongful closure of the Account, which is governed by the Agreement. Plaintiff alleges that "[t]his action arises from [U.S. Bank's] unlawful closure of Plaintiff's credit card account without required notice and in violation of [the Agreement], and [U.S. Bank's] subsequent false reporting to [Trans Union and Equifax] that the account was closed at Plaintiff's request." ECF No. 1-4 at 9. Specifically, the claims for intentional misrepresentation, defamation, unfair debt collection practices[6], and intentional infliction of emotional distress are within the scope of the arbitration agreement because they are premised on U.S. Bank closing the Account and reporting information to credit reporting agencies. *See id*. at 21-30, 34-38. Plaintiff's other claims against U.S. Bank are also within the scope of arbitration agreement for the same reason. *See id*. at 12-20, 30-34. At minimum, all of plaintiff's claims against U.S. Bank "touch matters" covered by the Agreement, and therefore any doubt must be resolved in favor of arbitrability. *See Simula, Inc.*, 175 F.3d at 721.

---

misrepresentation, and unfair and unlawful business practices—are within the Agreement's scope.

[6] Plaintiff characterizes his unfair debt collection practices claim as a tort claim, but this claim alleges a violation of California's Rosenthal Fair Debt Collection Practices Act. *See* ECF No. 1-4 at 29. To be sure, the Agreement encompasses statutory claims, ECF No. 12-2 at 25, and courts have found that this claim can be properly subject to arbitration, *see, e.g.*, *Ginoyan v. Barclays Bank Delaware*, 443 F. Supp. 3d 1136, 1138, 1142 (C.D. Cal. 2020).

Accordingly, because plaintiff fails to satisfy his burden of showing that the Agreement is unenforceable, U.S. Bank's motion to compel arbitration should be granted. *See Hayes*, 908 N.E.2d at 413. U.S. Bank asks that the court stay any obligation by U.S. Bank in this action pending resolution of arbitration. ECF No. 12-1 at 12. As explained below, I will recommend that the action be stayed. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

**Motion to Stay**

Trans Union and Experian move to stay this action pending arbitration between plaintiff and U.S. Bank. ECF No. 29. The FAA authorizes a court to stay an action pending arbitration. 9 U.S.C. § 3. "Where, as here, a case includes other parties to the underlying dispute who are not parties to the arbitration agreement, courts have discretion to 'stay litigation among the non-arbitrating parties pending the outcome of the arbitration.'" *Roberts v. BMW Fin. Servs. NA, LLC*, No. 5:25-cv-2623-SPG-DTB, 2025 WL 3271451, at *1 (C.D. Cal. Nov. 20, 2025) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Grp.*, 460 U.S. 1, 20 n.23 (1983)). Courts in this circuit have held that an action should be stayed "if arbitration of claims against a party to an arbitration agreement is likely to resolve factual questions coextensive with claims against nonparties to that arbitration agreement." *Id*. (quoting *Jaffe v. Zamora*, 57 F. Supp. 3d 1244, 1248 (C.D. Cal. Oct. 23, 2024)); *see also Morones v. BMW Fin. Servs. NA, LLC*, No. 2:25-cv-8828-SPG-MAR, 2026 WL 851300, at *4 (C.D. Cal. Mar. 10, 2026) (staying an action pending arbitration of the plaintiff's claims against one defendant); *McCormick v. Sw. Healthcare Servs., LLC*, No. 2:25-cv-3184-SB-E, 2025 WL 2946967, at *5 (C.D. Cal. Sept. 15, 2025) (same). "This procedure is premised on considerations of judicial economy and avoidance of confusion and possible inconsistent results." *Jaffe* 57 F. Supp. 3d at 1248 (cleaned up).

Here, arbitration of plaintiff's claims against U.S. Bank "is likely to resolve factual questions coextensive with" plaintiff's claims against Trans Union and Experian. *See Roberts*, 2025 WL 3271451, at *1. Plaintiff brings five claims against Trans Union and Experian: negligent misrepresentation, intentional misrepresentation, defamation, unfair and unlawful business practices, and intentional infliction of emotional distress. ECF No. 1-4 at 18-28, 30-38. The basis for all of these claims is that Trans Union and Experian reported allegedly false information, namely, that plaintiff had requested that the Account be closed. *See generally id*. As such, arbitration of plaintiff's claims against U.S. Bank is likely to resolve factual issues underlying plaintiff's claims against Trans Union and Experian. Judicial economy, avoidance of confusion, and the potential for inconsistent results all favor a stay of this action. *See Jaffe*, 57 F. Supp. 3d at 1248.

Plaintiff's four arguments to the contrary are unpersuasive. First, plaintiff asserts that the motion is procedurally defective because only counsel for Trans Union participated in the meet and confer with him. ECF No. 33 at 5-6. Plaintiff concedes that he met and conferred with Trans Union to discuss the issues presented in the instant motion. *See id*. As such, I decline to find that Experian violated the meet and confer requirement.

Second, plaintiff argues that Trans Union and Experian have "independent, non-delegable statutory duties under the" Fair Credit and Reporting Act ("FCRA"). ECF No. 33 at 7. However, the Court of Appeals has held that, to state a claim under the FCRA, a plaintiff must first "make a 'prima facie showing of inaccurate reporting'" by the credit reporting agency. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). Arbitration is likely to resolve the factual question of whether either defendant made an "inaccurate reporting." *See id*.

Next, plaintiff argues that "judicial economy favors parallel proceedings, not a stay." ECF No. 33 at 9-10. I disagree. As noted, the outcome of arbitration will likely have a bearing on plaintiff's claims against Trans Union and Experian. Consequently, judicial economy favors a stay.

Lastly, plaintiff asserts that a stay would "severely prejudice" him in three ways. ECF No. 33 at 10-11. First, he states that "[e]very day this action is stayed, Plaintiff suffers continued, real-world damage to his creditworthiness." *Id.* at 11. I do not discount this point; indeed, there is some prejudice to plaintiff by granting a stay. However, that prejudice is outweighed by the prejudice to Trans Union and Experian in forcing them to litigate an action that centers around plaintiff's dispute with U.S. Bank, all while plaintiff and U.S. Bank arbitrate their dispute in a parallel proceeding. Moreover, in the event that plaintiff prevails in arbitration, he will be better situated to litigate his claims against Trans Union and Experian.

Second, plaintiff asserts that a stay presents a risk of evidence spoilation. ECF No. 33 at 11. However, Trans Union and Experian already have a general duty to preserve evidence. *See Ameripride Svcs., Inc. v. Valley Indus. Serv., Inc.*, No. 00-cv-0113-LKK-JFM, 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006) (citing *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 566-67 (N.D. Cal. 1987)). To the extent that plaintiff has concerns regarding preservation, he may send notices to preserve evidence to defense counsel. *See Picozzi v. Nevada*, 2023 WL 11920185, at *2 (D. Nev. April 12, 2023).

Third, plaintiff states that in the event of a stay, he "will be forced to litigate a complex arbitration while his federal claims sit dormant, only to have to re-litigate discovery and motion practice in federal court years later." ECF No. 33 at 11. I recognize the difficulty of navigating these procedures without counsel. However, it bears mention that if a stay were not put in place, plaintiff would have the seemingly more strenuous task of navigating arbitration and litigation simultaneously. Moreover, there has been no discovery in this matter, and the only motion that is not addressed by this order is Trans Union's motion to dismiss. *See* ECF No. 4.

Under these circumstances, I recommend that this action be stayed.

Accordingly, it is hereby ORDERED that:

1. Trans Union's motion to dismiss, ECF No. 4, is DENIED without prejudice to re-filing once the stay is lifted.

2. Plaintiff's motion for permission to file documents electronically, ECF No. 6, is DENIED.

3. U.S. Bank's motion to strike, ECF No. 11, is GRANTED.

4. Plaintiff's amended complaint, ECF No. 8, is STRICKEN. The operative complaint is plaintiff's first amended complaint at ECF No. 1-4.

Further, it is hereby RECOMMENDED that:

1. U.S. Bank's motion to compel arbitration, ECF No. 12, be GRANTED, and plaintiff be compelled to arbitrate his claims against U.S. Bank.

2. Trans Union and Experian's motion to stay, ECF No. 29, be GRANTED.

3. This case be STAYED pending arbitration of plaintiff's claims against U.S. Bank.

4. Plaintiff and U.S. Bank be ordered to file a joint status report every ninety days apprising the court of the status of arbitration.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE